IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID POTTER, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:19-CV-00007- JRG |
| | § | |
| CARDINAL HEALTH 200, LLC, | § | |
|    *Defendant.* | § | JURY DEMANDED |

**DEFENDANT'S RULE 12(b)(1) AND RULE 12(b)(6) MOTION TO DISMISS, OR IN THE ALTERNATIVE RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**

Defendant Cardinal Health 200, LLC (Cardinal Health) moves to dismiss Plaintiff David Potter's (Potter) complaint pursuant to Rules 12(b)(1) and Rule 12(b)(6), or in the alternative to require Potter to amend his complaint to include a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

Potter seeks relief, in disjointed sections of the complaint, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3). The allegations are non-specific and do not state a viable claim for relief. Dismissal is appropriate pursuant to Rule 12(b)(6). In the alternative, the complaint is too vague and ambiguous for Cardinal Health to frame a response, requiring a more definite statement pursuant to Rule 12(e).

Potter additionally seeks relief pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. The complaint lacks evidence of administrative exhaustion as to the age discrimination claims. Such an issue relates to subject matter jurisdiction, rendering relief pursuant to Rule 12(b)(1) appropriate. In the alternative, if the failure to exhaust is not

treated as jurisdictional, dismissal is still appropriate pursuant to Rule 12(b)(6) based on the failure to exhaust administrative remedies.

## II. ARGUMENT

### A. Standards for Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(e).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may bring a motion to dismiss a cause of action if the court lacks subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time by any party or the court, even on appeal, and subject matter jurisdiction may neither be waived nor conferred by agreement of the parties. FED. R. CIV. P. 12(h)(3); *see Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982). Once a defendant objects to the lack of subject matter jurisdiction in a motion to dismiss, the plaintiff must establish that the court has subject matter jurisdiction over the dispute. *Thompson v. Gaskill,* 315 U.S. 442 (1942); *see Rodriguez,* 992 F. Supp. at 879. A court should resolve a 12(b)(1) motion before any other challenges asserted by the defendant, because the court must find that it has subject matter jurisdiction before it can determine any other issues. *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).

Under Federal Rule of Civil Procedure 12(b)(6), a party may also bring a motion to dismiss a cause of action if it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to plaintiff. *Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). A motion to dismiss should be granted when it appears without a doubt

that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Id.*

A court may also require a plaintiff to amend a complaint to include a more definite statement. *See* FED. R. CIV. PROC. 12(e). Such relief is appropriate in response to vague, ambiguous, or "shotgun" pleadings – pleadings that render a defendant unable to frame a response. *See Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n. 10 (11th Cir. 2015).

### B. Dismissal of the FLSA Claim Pursuant to Rule 12(b)(6) or in the Alternative, More Definite Statement of Claims Pursuant to Rule 12(e).

The Fair Labor Standards Act (FLSA) prohibits employers from retaliating against an employee who has filed a complaint related to the FLSA. To state a FLSA retaliation claim, a plaintiff must demonstrate: (1) that he engaged in protected activity; (2) he suffered adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *See Darveau v. Detecon, Inc.,* 515 F.3d 334, 340 (4th Cir. 2008). In this case, Potter does not allege facts that demonstrate he engaged in protected activity. Specifically, he states that he was accused of filling out a time sheet dishonestly (para. 15), that he emailed a supervisor about his time sheet not showing hours worked (para. 29), and that he complained that he was not being paid correctly (para. 34). Such informal, nonspecific complaints that do not directly invoke FLSA violations are not protected activity. *See, e.g., Booze v. Shawmut Bank, Connecticut*, 62 F. Supp. 2d 593 (D. Conn. 1999) (employee's informal verbal complaints about timing of overtime pay not protected activity); *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159 (W.D. N.Y. 2007) (oral complaint to supervisor was not protected activity). As such, Potter has failed to state a FLSA retaliation claim.

Further, Potter has failed to state any other cognizable FLSA claim, whether individually or collectively. Specifically, Potter references improper time records, but does not state that he worked overtime (or any other) hours for which he was not appropriately compensated. He also contends that he was the only employee required to keep time records. Assuming for purposes of argument that this were true, it simply underscores that others are not similarly situated to him, making collective relief improper. Regardless, absent any allegation that the FLSA overtime or minimum wage provisions were violated, Potter has failed to state a cognizable FLSA claim. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 865 (S.D. Tex. 2014); *Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009). Because Potter has failed to state a cognizable claim under the FLSA – based on retaliation or any other basis – his FLSA claim should be dismissed pursuant to Rule 12(b)(6).

In the alternative, pursuant to Rule 12(e), Potter should be required to provide a more definite statement of his claims. Such relief is appropriate when a complaint is "so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 560 (N.D. Il. 1994); *see also Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring). In this case, the non-specific allegation hinting at collective relief – identifying no underlying common, unlawful policy or practice – and the remaining disjointed and vague references to alleged unlawful FLSA practices render Cardinal Health unable to craft a responsive pleading. Potter should be required to provide a more definite statement regarding his FLSA claim(s).

### C. Dismissal of the ADEA Claim Pursuant to Rule 12(b)(1) or in the Alternative, Rule 12(b)(6) for Failure to Exhaust Administrative Remedies.

Potter also seeks relief pursuant to the ADEA. Specifically he alleges that he was terminated on or about August 31, 2018 (para. 30), that he filed "timely complaints" with the

Equal Employment Opportunity Commission (EEOC) (para. 9), and that the EEOC issued a right to sue notice on or about December 10, 2018 (para. 9). Potter does not attach the referenced notice to his Complaint. Cardinal Health has not received such a notice. *See* **Exhibit A**, Murray Declaration. And no such notice is posted on the EEOC's digital portal for this charge. *See id.* As such, there is no evidence that Potter exhausted administrative remedies.

To pursue an ADEA claim, a plaintiff must exhaust administrative remedies. *See* 29 U.S.C. § 626(d) and (e). There is a split of authority within the Fifth Circuit court of appeals (and also among federal circuit courts) as to whether such an exhaustion requirement – for purposes of Title VII (and by extension the ADEA) – is jurisdictional or an administrative prerequisite to filing suit. *See Davis v. Fort Bend County*, 893 F.3d 300, 304 (5th Cir. 2018) (and cases cited therein) (*cert. granted*, 2019 U.S. LEXIS 578 (U.S. Jan. 11, 2019) (No. 18-525)); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999) (90 day limit for Title VII applies equally to ADEA). Because the U.S. Supreme Court will soon decide whether the administrative exhaustion requirement is jurisdictional or an administrative prerequisite, Cardinal Health first moves for dismissal pursuant to Rule 12(b)(1) based on the lack of evidence of administrative exhaustion. *See, e.g., Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994) ("It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."); *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("Failure to comply with [Title VII's administrative exhaustion requirement] wholly deprives the district court of jurisdiction over the case.").

In the alternative, if the failure to exhaust administrative remedies is considered administrative in nature, Cardinal Health moves for dismissal pursuant to Rule 12(b)(6) for

failure to state a claim. *See Davis*, 893 F.3d at 307-08. Specifically, even though the complaint references an EEOC right to sue notice, no such notice is attached to the complaint. On the contrary, Cardinal Health has presented evidence to disprove the bare allegation regarding administrative exhaustion. Further, because the right to sue notice is central to the administrative exhaustion inquiry, it is appropriate to consider Cardinal Health's evidence on this point, even in the context of a motion to dismiss for failure to state a claim. *See New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016) (allowing reference to insurance policy referenced but not attached to complaint without converting to summary judgment motion); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (allowing reference to documents attached to dismissal motion to be considered if referred to in complaint and central to claim).

In short, whether the issue is considered to be jurisdictional in nature (Rule 12(b)(1)) or administrative (Rule 12(b)(6)), dismissal of the ADEA claim is appropriate.

### D. CONCLUSION

Any attempted theory of recovery pursuant to the FLSA should be dismissed based on the failure to state any theory of viable recovery pursuant to that statute. In the alternative, Potter should be ordered to make a more definite statement regarding the alleged FLSA violations and theories of recovery. Finally, the ADEA claim should be dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies, or in the alternative for failure to state a claim.

Dated: February 12, 2019  Respectfully submitted,

By: /s/ *Kristin L. Bauer*
Kristin L. Bauer
Texas Bar No. 24006813
Kristin.Bauer@jacksonlewis.com
Cynthia Uduebor Washington
Texas Bar No. 24047012
Cynthia.Washington@jacksonlewis.com

JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Phone: 214.520.2400
Fax: 214.520.2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served by filing with the ECF filing system on this February 12, 2019, which will cause service to be made upon the following:

Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas  75703
whitehurstlawfirm@yahoo.com

*/s/ Kristin L. Bauer*
ONE OF COUNSEL