IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DAVID POTTER
Plaintiff

vs.                                  CIVIL ACTION 2:19-cv-00007
                                         JURY REQUESTED

CARDINAL HEALTH 200, LLC.
Defendant

## **PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND BRIEF IN SUPPORT**

      NOW COMES DAVID POTTER, Plaintiff, and files this, his Response to Defendant's Motion to dismiss and brief in support and would respectfully show this Court as follows:

I.

      Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In 1938 Congress enacted the FLSA as a means of regulating minimum wages, maximum working hours, and child labor in industries that affected interstate commerce." *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1024 (5th Cir. 1993). The FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive `a fair day's pay for a fair day's work.' *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). "Minimum wage and overtime requirements are the two central themes of the Act." *Gellhaus v. Wal-Mart Stores, Inc.* 769 F. Supp. 2d 1071, 1076 (2011). Under the FLSA, the statutory workweek "includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." *Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680, 690-69. Furthermore, "the time spent in these activities must be accorded appropriate compensation." *Id.* at 691.

II.

Plaintiff has alleged in part the following:

Plaintiff was employed in a position as a mold maker which is not exempt from the requirement that he be compensated for his hours of work by the payment of straight time and overtime. Defendant has repeatedly and consistently failed to pay Plaintiff his overtime wages, which is integral and indispensable to his principal activities in his continuous workday

The court in *Hoffman v. Cemex, Inc.,* No. H–09–3144, 2009 WL 4825224, at (S.D.Tex. Dec.8, 2009), found similar allegations "are all factual allegation - not legal conclusions- and, if proven, they give rise to a plausible claim for relief." Also see *Qureshi v. Panjwani*, 2009 WL 1631798, (S.D. Tex. June 9, 2009) (finding that plaintiffs had pleaded sufficiently to state a claim where they alleged that they were employed by the defendants, that they did the work ordinarily performed by nonexempt workers and that "they were required to work in excess of a forty-hour

work week without overtime compensation."). The court in *Hoffman* also stated the complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims. *See, e.g., Connolly v. Smugglers' Notch Management Co.*, 2009 WL 3734123, (D. Vt. Nov. 5, 2009). Moreover, it cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Time Warner Cable*, 2010 WL 2756800, (citing *Acho v. Cort*, No. C 09-00157 MHP, 2009 WL 3562472, (N.D. Cal. Oct. 27, 2009))

Plaintiff has sufficiently pleaded facts to place Defendant on notice that it has been sued for overtime and minimum wages under the FLSA. The point of Defendants' argument is that Plaintiff has not pleaded sufficient facts to establish a retaliation claim, whereas the defendant has the actual emails that were sent along with the proposed severance agreement, that certainly put defendant on notice. Whether these allegations are true or not are known by the Defendants; therefore, no other factual allegations are necessary for them respond to these allegations.

In its motion Defendant seems to be saying that oral complaints are not enough for protections under the Fair Labor Standards Act. The Supreme Court states that "a complaint is `filed' when `a reasonable, objective person would have understood the employee' to have `put the employer on notice that [the] employee is asserting statutory rights under the [Act].'" *Kasten v. Saint-Gobain Performance Plastics Corp.*, ___ U.S. ___, 131 S.Ct. 1325, 1335, 179 L.Ed.2d 379 (2011). "[T]he employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." Id. at 1334. "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable

employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Id. at 1335. This can be met by oral complaints as well as written ones. Id.  See also *Little v. Technical Specialty Products, LLC.,* 940 F. Supp. 460, 478 (E.D. Texas April 15, 2013).

Defendant also complains of the fact that a right to sue letter was not issued by the EEOC. Attached to the amended petition is the right to sue letter that Defendant states was not issued.

III.

WHEREFORE, PREMISES considered, Plaintiff prays that Defendant's Motion to Dismiss the Fair Labor Standard Act claims be denied in its entirety, and that Plaintiff be allowed to proceed with the lawsuit pending before the court at this time. Plaintiff further prays that the age discrimination claim be allowed to proceed, in that Plaintiff does have his right to sue letter from the EEOC, and for such other and further relief, at law or in equity, to which he may show himself f justly entitled to receive.

Respectfully submitted,
_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiff

CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing motion was forwarded to all attorneys of record by filing this document with the CM/ECF systems for the United States District Court for the Eastern District of Texas.

/S/ Bob Whitehurst
Bob Whitehurst