IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID POTTER, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:19-CV-00007- JRG |
| | § | |
| CARDINAL HEALTH 200, LLC, | § | |
|    *Defendant.* | § | JURY DEMANDED |

**DEFENDANT'S SECTION 1404(a)&(b) MOTION TO TRANSFER VENUE**

Defendant Cardinal Health 200, LLC, (Cardinal Health) moves to transfer this cause from the Marshall Division to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a)-(b).

**Summary of Argument**

This case arises from Plaintiff David Potter's employment with Cardinal Health. The Cardinal Health facility where Potter worked is in Jacksonville, Texas. Witnesses, documents, and information that will be used in this case are located in Jacksonville, Texas. Jacksonville is approximately 29 miles from the Tyler Division and approximately 74 miles from the Marshall Division. Potter himself is believed to reside, based on last available address information for him, much closer to Tyler than to Marshall. There is no apparent connection between the facts of this case and Marshall. The case should be transferred to the Tyler Division.

**Standard of Review**

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). The § 1404(a) factors apply to an intra-district transfer the same as they do a transfer from one district to another. *In re. Radmax, Ltd.*, 720 Fed 285, 287 (5th Cir. 2013). "A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is clearly more convenient, taking into consideration (1) the relative ease of

access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *See id.* (internal quotations omitted) (quoting *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

## **Grounds for Motion**

Each of the venue factors are addressed below. The balance favors venue in the Tyler Division; there is no apparent connection to the Marshall Division.

1. **The relative ease of access to sources of proof**.

The Cardinal Health facility where Potter worked is in Jacksonville, Texas (74 miles from Marshall; 29 miles from Tyler). *See* Timothy Scott Martin Declaration, Ex. A; Ex. B. This case arises from Potter's employment with Cardinal Health. Documents and information relevant to Potter's employment with Cardinal Health are in Jacksonville. *See id.* When documents and information are located in one division and not another, this factor weighs in favor of transfer to the venue with the greater connection. *See In re Radnax*, 720 F.3d at 287. Here, this factor weighs in favor of the Tyler Division.

2. **The availability of compulsory process to secure the attendance of witnesses.**

This factor is neutral.

3. **The cost of attendance for willing witnesses.**

In his amended complaint, Potter identifies the following persons as witnesses in this action: Ronald "Tracy" Clements[1], Doug Cundieff[2], Don Gage[3], Aaron Lewis, Timothy Scott

---

[1] Ronald "Tracy" Clements is identified in the amended complaint as "Tracy Clements."
[2] Doug Cundieff is identified in the amended complaint as "Doug Condiff."
[3] Don Cage is identified in the amended complaint as "Mike Gage."

Martin[4], Bernard Poole[5], Larry Tate, Leslie Tucker, and Roy Wright. As set forth in the attached declaration of Timothy Scott Martin, the majority of these witnesses work at the Cardinal Health facility in Jacksonville.[6] *See* Ex. A. Further, many of these witnesses also live near the Jacksonville facility – which is closer to Tyler than it is to Marshall. *See id.* Cardinal Health is not aware of any witness who resides in Marshall. This factor weighs in favor of venue in the Tyler division. *See In re Radmax*, 720 F.3d at 287.

### 4. All other practical problems that make trial of a case easy, expeditious and inexpensive.

Although it is not determinative or the most important of the § 1404(a) considerations, the Tyler Division is also more convenient for counsel for both parties. Potter's counsel's address of record lists him as located in Tyler; counsel for Defendant is from Dallas. *See* Ex. B. The Tyler division is closer to counsel. In addition to the convenience for counsel, any delay from the transfer will be garden variety, and at this early stage is not prejudicial. *See In re Radmax*, 720 F.3d at 289. On balance, practical considerations favor the Tyler division.

### 5. The administrative difficulties flowing from court congestion.

Defendant is not privy to information regarding the relative congestion of the Tyler and Marshall divisions. This factor is neutral.

### 6. The local interest in having localized interests decided at home.

The Tyler division has a more local interest in the case than the Marshall division given the location of Cardinal Health and witnesses. The only apparent Marshall connection is that it is the forum selected by Plaintiff. However, "the traditional deference given to plaintiff's choice of forum. . . is less for an intra-district transfer." *In re Radnax*, 720 F.3d at 289 (quoting 17 MOORE'S FEDERAL PRACTICE § 111.21[2], AT 111-155 (3d ed. 2013)) (quotations removed, alteration in

---

[4] Timothy Scott Martin is identified in the amended complaint as "Scott Martin."
[5] Bernard Poole is identified in the amended complaint as "Ben Poole."
[6] Seven of the nine witnesses identified in the amended complaint work and/or worked at the Jacksonville facility. *See* Ex. A.

original).  Indeed, given the apparent lack of any connection to Marshall, that division has no local interest in this case.  This factor favors Tyler.

    **7.**    **The familiarity of the forum with the law that will govern the case**.

This factor is neutral.

    8.    **The avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.**

This factor is neutral.

On balance, four of the relevant venue considerations are neutral and four weigh in favor of the transfer to the Tyler Division. A venue transfer should not be denied "where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *Id.* at 290.  Under such circumstances, it would be "extraordinary error" to deny a transfer. *Id.*

## The Motion is Timely

This motion is timely filed because a convenience transfer does not have to be filed at the time of the defendant's original answer or with a Rule 12 motion.  *See* O'CONNOR'S FEDERAL RULES, CIVIL TRIALS § 2.3 (Thomson Reuters 2019) (and authorities cited therein, including *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000)); *see also* 17 MOORE'S FEDERAL PRACTICE AND PROCEDURE – CIVIL § 111.17 (and authorities cited therein, including *Mohamed*).  Further, as noted in the certificate of conference and Exhibit B, defense counsel tried to secure agreement to this motion before engaging in unnecessary motion practice the week of February 25, 2019.  Plaintiff's counsel stated he would not oppose the relief and then later withdrew his approval. But since this case is in its early stages – indeed a challenge to the pleadings is still pending – the motion is prompt and any delay due to a transfer would be, as noted, garden variety.

## Conclusion

The lack of any connection between Potter, his cause of action and Marshall; the

inconvenience to parties and witnesses for travel to Marshall; and the lack of localized controversy as indicia of lack of local interest in Marshall render Tyler the more appropriate and convenient forum.  For these reasons, Cardinal Health respectfully requests that this cause be transferred from Marshall to Tyler.  Cardinal Health further prays for such additional and further relief to which it is entitled, in law or equity.

Dated: March 18, 2019                                          Respectfully submitted,

 

                                     By:  /s/ *Kristin L. Bauer*
                                           Kristin L. Bauer
                                           Texas Bar No. 24006813
                                           Kristin.Bauer@jacksonlewis.com
                                           Cynthia Uduebor Washington
                                           Texas Bar No. 24047012
                                           Cynthia.Washington@jacksonlewis.com

                                           JACKSON LEWIS P.C.
                                           500 N. Akard, Suite 2500
                                           Dallas, Texas 75201
                                           Phone: 214.520.2400
                                           Fax: 214.520.2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

     I hereby certify that the week of February 25, I conferred with opposing counsel on the requested relief by telephone.  Plaintiff's counsel stated that he would not oppose the transfer.  Plaintiff's counsel was also unable to identify any venue facts that supported maintaining the cause in Marshall other than his desire for a speedy trial setting.  The next week, Plaintiff's counsel retracted his position and claimed that the convenience transfer had not been timely raised.  After an exchange of authorities no agreement could be reached and no additional factors linking the case to Marshall were identified.

                                                         /s/ *Kristin L. Bauer*
                                                         ONE OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by filing with the ECF filing system on this March 18, 2019, which will cause service to be made upon the following:

    Bob Whitehurst
    5380 Old Bullard Road, Suite 600, #363
    Tyler, Texas  75703
    whitehurstlawfirm@yahoo.com

    */s/ Kristin L. Bauer*
    ONE OF COUNSEL